UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAELA McCLAIN and CARY D. McCLAIN,

    Plaintiffs,

    v.

QUALITY LOAN SERVICES CORP. OF WASHINGTON and WELLS FARGO BANK, N.A.,

    Defendants.

CASE NO. C12-5023BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, REMANDING THE MATTER, AND DENYING PLAINTIFFS' MOTION TO REMAND AS MOOT

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss (Dkt. 9) and Plaintiff Michaela and Cary McClain's ("McClains") motion for remand (Dkt. 15). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion to dismiss and denies the motion to remand as moot for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 16, 2011, the McClains filed a First Amended Complaint in the Clark County Superior Court for the State of Washington against Quality Loan Services Corp. of Washington and Wells Fargo asserting numerous state law causes of action and a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. Dkt. 3-3 at 68-87 ("FAC"). On January 1, 2012, Wells Fargo removed the matter to this Court. Dkt. 1.

ORDER - 1

On January 18, 2012, Wells Fargo filed a motion to dismiss. Dkt. 9. On January 26, 2012, the McClains filed a motion to remand. Dkt. 15. On February 13, 2012, both parties responded. Dkts. 15 & 16. On February 16, 2012, the McClains replied to their motion. Dkt. 17. On February 17, 2012, Wells Fargo replied to its motion. Dkt. 18.

## II.  DISCUSSION

### A.  Jurisdiction

Wells Fargo removed this action on the basis of federal subject matter jurisdiction under 28 U.S.C. § 1331 because the McClains asserted the RESPA claim. Dkt. 1, ¶ 4. It is undisputed that the Court has jurisdiction over the RESPA claim. Wells Fargo, however, argues that the Court also has federal question jurisdiction under 28 U.S.C. § 1334 because the McClains are seeking a declaratory injunction that involves their Chapter 7 bankruptcy discharge. Dkt. 17 at 11-12. In support of this proposition, Wells Fargo cites *Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp.* (*In re Nat'l Gypsum Co.*), 118 F.3d 1056 (5th Cir. 1997), a matter that was filed in bankruptcy, appealed to the district court and then appealed to the Fifth Circuit Court of Appeals. *Id.* at 1058–1061. If the discharge must be interpreted, the parties will most likely start in the appropriate bankruptcy court. Wells Fargo has failed to persuade the Court that the possible bankruptcy issue provides subject matter jurisdiction for this Court. Therefore, the Court finds that subject matter jurisdiction rests solely on the McClains' RESPA claim.

### B.  RESPA

The McClains allege that Wells Fargo did not "provide monthly or yearly statements . . . as required by the RESPA." FAC, ¶ 58. RESPA requires servicers to provide borrowers with yearly account statements. 12 U.S.C. § 2609(c)(2). The Secretary of Housing and Urban Development may assess civil penalties against servicers if they fail to comply. 12 U.S.C. § 2609(d). This provision of RESPA, however, does not

ORDER - 2

explicitly provide a private right of action and courts in this district have found that the statutory scheme does not show that Congress intended to create a private right of action. *See, e.g., Birkholm v. Wash. Mut. Bank, F.A.*, 447 F. Supp. 2d 1158, 1161–63 (W.D. Wash. 2006). Therefore, the Court grants Wells Fargo's motion to dismiss the McClains' RESPA claim and denies the remainder of the motion without prejudice.

**C.   Remand**

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). The Court has dismissed the McClains' RESPA claim and the only claims that remain are state law claims. Therefore, this matter shall be remanded to the Clark County Superior Court for the State of Washington, and the McClains' motion to remand is denied as moot.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Wells Fargo's motion to dismiss (Dkt. 9) is **GRANTED in part** and **DENIED without prejudice in part**, the matter is **REMANDED** for lack of subject matter jurisdiction, and the McClain's motion for remand (Dkt. 15) is **DENIED as moot**.

DATED this 19th day of March, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge